IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOUTHERN PIONEER PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:09-cv-903-MEF-SRW ) |
| JEFFREY BENNETT, *et al.*, | ) (WO - DO NOT PUBLISH) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

Southern Pioneer Property & Casualty Insurance Company ("Southern Pioneer") brought this case against Jeffery Bennett ("Bennett"), Joseph Russell ("Russell"), and Franklin Mount and Novella Mount (collectively, the "Mounts"), doing business as Little Harlem Club ("Little Harlem"). (Doc. #1). Southern Pioneer seeks a declaratory judgment that it does not owe a duty to defend and/or indemnify its insureds Franklin and Novella Mount in a state court action brought by Bennett (the "state suit"). As part of his amended answer, Bennett asserted counterclaims against Southern Pioneer for breach of contract, bad faith duty to investigate, and bad faith duty to pay. (Doc. #9). Now pending before this Court is Southern Pioneer's Motion to Dismiss Counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. #10). As part of his opposition to that motion, Bennett moved for a stay of these proceedings until the underlying state litigation has been

resolved. (Doc. #13).[1] For the reasons set forth in this Memorandum Opinion and Order, the motion to stay is due to be DENIED and the motion to dismiss is due to be GRANTED.

## II. JURISDICTION AND VENUE

Jurisdiction over Plaintiff's claims is proper under 28 U.S.C. §§ 1332(a) (diversity) and 1367 (supplemental). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both personal jurisdiction and venue.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the pleading sought to be dismissed. Therefore, for the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the claimant. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). While Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations

---

[1] Bennett also filed a Brief in Support of Response to Motion to Dismiss Counterclaim. (Doc. #14). It merely repeats arguments from Bennett's initial motion to stay and opposition to Southern Pioneer's motion to dismiss.

in the complaint are true." *Id.* at 555 (internal citations omitted).  It is not sufficient that the pleadings merely leave "open the possibility that a [claimant] might later establish some set of undisclosed facts to support recovery."  *Id.* at 561 (internal quotation and alteration omitted).

## IV. FACTUAL AND PROCEDURAL BACKGROUND

Bennett filed suit on February 10, 2009 in the Circuit Court of Covington County, Alabama.[2]  In the state suit, Bennett alleges that on November 1, 2008, both he and Russell patronized Little Harlem, a business owned and/or operated by the Mounts.  Bennett alleges that Russell, though visibly intoxicated, was served alcohol at Little Harlem, resulting in injuries to Bennett from a physical attack committed by Russell.  Bennett brought claims in the state suit against the Mounts for violation of the Dram Shop Act and failure to provide proper security at Little Harlem.  He also brought a claim against Russell for assault and battery.

From August 12, 2008 to August 12, 2009, Southern Pioneer insured Little Harlem under a Liquor Liability Insurance policy, bearing policy number LL-10192-08-01.  On September 23, 2009, Southern Pioneer filed its complaint for declaratory judgment in this Court, asserting that it has no duty to defend or indemnify Little Harlem and/or the Mounts in the state suit under this insurance policy.

As part of his amended answer to the declaratory judgment action, filed on October

---

[2] The suit is styled *Jeffery Bennett v. Joseph Russell, et al.*, Civil Action No. CV-09-25.

19, 2009, Bennett filed a counterclaim. Under the assertion that he is a third party beneficiary of policy number LL-10192-08-01, Bennett asserted claims of breach of contract, bad faith duty to investigate, and bad faith duty to pay.

On October 22, 2009, Southern Pioneer filed a motion to dismiss Bennett's counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. As part of his response in opposition to Southern Pioneer's motion to dismiss, Bennett filed a motion to stay this action pending resolution of the state suit.

## V. DISCUSSION

**A. Motion to Stay**

Bennett argues that a stay is preferable in this action because it could proceed on all claims and counterclaims if he wins the state suit and be immediately dismissed in full if he loses the state suit. Bennett states that no party would be prejudiced by a stay because Southern Pioneer would continue to defend the insured in the state suit regardless of whether this case is stayed. Southern Pioneer responds that it will be prejudiced by a stay because it is only conditionally defending the insured in the state suit and is asking this Court to find that it has no such duty to defend.

A justiciable controversy exists when the insurance company denies it has an obligation to defend its insured under the policy. *See Am. Fid. & Cas. Co. v. Pennsylvania*

*Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).[3] This is because the insurance company must decide at a preliminary stage of the proceedings whether to provide a defense. *See Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1566 n.25 (M.D. Ala. 1996). Southern Pioneer is entitled to these declaratory judgment proceedings to determine whether or not it must continue the defense of its insured in the state suit. Therefore, Bennett's motion to stay is due to be DENIED.

**B. Motion to Dismiss Counterclaim**

Southern Pioneer argues that Alabama law prevents a third party to an insurance contract from bringing a claim against the insurer in the absence of a final judgment against the insured. Therefore, Bennett could not bring a claim against Southern Pioneer until he has a final judgment against Little Harlem, Southern Pioneer's insured. Because the state suit is still pending, Southern Pioneer states that Bennett cannot pursue his counterclaims against it in this case. Bennett responds that cases apply this law generally to declaratory judgment claims rather than the "derivative tort and contract" counterclaims he asserts against Southern Pioneer.

Alabama Code §§ 27-23-1 and 27-23-2 deal "with the substantive rights of injured parties with respect to insurance policies issued to a tortfeasor." *Knox v. W. World Ins. Co.*, 893 So. 2d 321, 323 (Ala. 2004). In applying these statutory sections, the Alabama Supreme

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Court has consistently held that "under Alabama law . . . an injured party cannot bring a *direct action* against the insurance carrier, absent a final judgment against its insured." *Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co., Inc.*, 416 So. 2d 979, 982 (Ala. 1982) (emphasis added), *not followed on other grounds by Woodall v. Alfa Mut. Ins. Co.*, 658 So. 2d 369, 373 (Ala. 1995). *See also, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 650 (Ala. 2004); *Knox*, 893 So. 2d at 324–25; *Hicks v. Ala. Pest Servs., Inc.*, 548 So. 2d 148, 150 (Ala. 1989); *Stewart v. State Farm Ins. Co.*, 454 So. 2d 513, 514 (Ala. 1984).

The parties agree that no insurance contract exists between Bennett and Southern Pioneer and that no final judgment has been entered in the state suit. Therefore, Bennett cannot yet bring his claims of breach of contract and bad faith, asserted here as counterclaims, against Southern Pioneer. Bennett's argument that he does not present a claim for declaratory judgment is unavailing, as this well-settled Alabama law applies to all "direct action[s]" against the insurance carrier. *Maness*, 416 So. 2d at 982. Furthermore, the Alabama Supreme Court has applied the holding from *Maness* to the types of claims asserted by Bennett. *See Hicks*, 548 So.2d at 149–50 (finding that plaintiff had no bad faith claims against the insurers named as defendants absent a judgment against their insureds); *Stewart*, 454 So. 2d at 514 (citing to *Maness* in finding that plaintiff could not maintain a direct claim of bad faith against the insurer under a third party beneficiary theory).

Therefore, Southern Pioneer's motion to dismiss Bennett's counterclaims is due to be GRANTED.

## VI. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Bennett's Motion to Stay (Doc. #13) is due to be DENIED.  It is further ORDERED that Southern Pioneer's Motion to Dismiss (Doc. #10) is GRANTED.  Bennett's counterclaims (Doc. #9) are DISMISSED.

DONE this the 7th day of April, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE